IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STUART McMULLEN § | |
| § | |
| V. § | A-17-CA-0103-LY |
| § | |
| DEANNA CAIN § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS
AND REPORT AND RECOMMENDATION
OF THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Stuart McMullen's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, filed on February 13, 2017 (Dkt. No. 4), as well as the various documents he filed in support of his removal of this case, styled *In the Interest of S.M.M., a Child,* No. 11-3575-FCI (Co. Ct. at Law No. 3, Williamson County, Tex. Nov. 23, 2011). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

This is the second time Stuart McMullen has attempted to remove his divorce and child custody dispute to federal court. In the first instance, the undersigned recommended that the case be remanded because the federal courts plainly lacked jurisdiction to address the merits of a divorce and custody dispute. *See* Dkt. No. 16 in A-16-CV-716 LY ("*McMullen I*"). The Court further recommended that the district judge sanction McMullen and order him to pay Deanna Cain $5,000 in attorney's fees for the cost of responding to the frivolous removal of the case. In that earlier case,

McMullen removed the case two weeks before a final hearing before a state court on a child custody modification action, motion for restraining order, and motion for sanctions.  Sanctions were recommended, because this Court found that "the removal petition was baseless and had no legal support," and "given the timing of the removal, it appears that it was calculated to delay the inevitable unfavorable outcome [McMullen] is facing in state court."  *Id.* at Dkt. No. 19.  On October 26, 2016, Judge Yeakel adopted the Report and Recommendation, remanded the case to state court and awarded Defendant $5,000 in attorney's fees. *Id.* at Dkt. No. 28.  McMullen filed a Notice of Appeal and requested leave to proceed on appeal without payment of costs, a request Judge Yeakel denied on December 12, 2016.  *Id.* at Dkt. No. 37.

In this second removal action, McMullen is repeating this same behavior.  On February 13, 2017, he was once again scheduled to appear before the state court on a Motion to Enforce.  *See* Dkt. No. 1-1.  On that same day, McMullen again removed the case, disrupting the County Court's proceedings once more.  McMullen claims that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1443 "to prevent the lower state court from continuing to wantonly abuse both power and process, including, *inter alia*, both prior and present unconstitutional attempts and acts to falsely sanction this Petitioner." Dkt. No. 1-3 at 4.  As he did with the first removal, McMullen seeks leave to proceed *in forma pauperis*, claiming that he has insufficient funds to pay the filing fee.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

There is no absolute right to proceed in federal court without paying a filing fee in civil matters.  *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).  "[R]ather, it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Id.*  This Court denied McMullen *in forma pauperis* status in his previous attempt at removal because he had sufficient income to pay the filing fee.  *See* Dkt. No. 6 in *McMullen I*.  According to McMullen's

2

financial affidavit, his financial status has not changed in any material respect. McMullen's Application to Proceed *In Forma Pauperis* (Dkt. No. 4) is therefore **DENIED**.

### III.  JURISDICTION AND REMAND

When a case has been removed to federal court, the removal statute directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction." *Harrison v. Crowley Mar. Corp.*, 181 F. Supp. 3d 441, 442, 443 (S.D. Tex. 2016). As explained in depth in its previous Report and Recommendation, this Court lacks jurisdiction to review McMullen's state court child custody and divorce proceedings under both the *Rooker-Feldman* doctrine and the domestic relations exception. *See* Dkt. No. 16 in *McMullen I*. Accordingly, the Court, *sue sponte*, again recommends that the district judge remand this case to state court.

### IV.  PRE-FILING INJUNCTION

As noted, this is McMullen's second attempt to frivolously remove a state court domestic relations case to federal court. Despite being sanctioned the first time, McMullen frivolously removed the case a second time. As noted, McMullen filed his notice of removal the same day he was to appear before the County Court for a hearing on a Motion to Enforce. McMullen's frivolous removal is another attempt to delay and disrupt his divorce and child custody proceedings and to harass his ex-wife, Deanna Cain. Sanctions are once again appropriate for this abusive and dilatory behavior.

The Fifth Circuit has held that "where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (citing *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 1986)). "The district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson*, 808 F.2d at 360. District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.* Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court impose a pre-filing injunction on McMullen requiring him to obtain permission from a United States District Judge before filing any future notices of removal in the underlying case, and directing that if McMullen fails to obtain such permission in advance, the Clerk of Court not file any pleading purporting to remove the domestic relations case involving McMullen and Deanna Cain. So that McMullen is given an opportunity to respond to this recommendation, the Court **HEREBY NOTIFIES** McMullen that if he objects to such an injunction, he may file his objections to the Report and Recommendation as set forth below.

## V.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **REMAND** this case to County Court at Law No. 3 of Williamson County, Texas. The Magistrate Judge **FURTHER RECOMMENDS** that the District Court impose a pre-filing injunction in this

case requiring McMullen to obtain leave from a United States District Judge before filing any future notices of removal purporting to remove the case *In the Interest of S.M.M., a Child,* No. 11-3575-FCI (Co. Ct. at Law No. 3, Williamson County, Tex. Nov. 23, 2011); and further, directing the Clerk of Court not to file any pleading purporting to remove this case unless it contains written permission from a United States District Judge to make that filing.

## VI.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of February, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE